### Case No. 13,640.
### In re SUTHERLAND.
[Deady, 573.] [1]

District Court, D. Oregon. March 29, 1869.

BANKRUPTCY — DISCHARGE — OPPOSITION TO—CONTINUANCE—DISMISSAL—FINAL OATH OF BANKRUPT.

1. A creditor has no standing in court to oppose the discharge of a bankrupt, unless he

---

[1] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

enter his appearance in opposition thereto, within the day appointed for showing cause against the petition therefor.

2. Where there is no opposing party to the discharge, the proceeding may be continued from time to time, to suit the convenience of the bankrupt.

3. A creditor who has entered his appearance in opposition to a discharge, cannot maintain a motion to dismiss the petition for want of prosecution; but should move to set it down for hearing upon the objections thereto, if any, filed.

4. The final oath of a bankrupt is not a pleading, but is in the nature of indispensable evidence in support of the petition for discharge, and need not be made or filed until the hearing.

[In the matter of Robert A. Sutherland, a bankrupt. For prior proceedings in this litigation, see Cases Nos. 13,638 and 13,639.]

W. W. Fechheimer, for motion.
David Logan, contra.

DEADY, District Judge. On January 11, 1868, Robert A. Sutherland was adjudged a bankrupt in this court upon the petition of certain of his creditors. On December 19, 1868, said bankrupt filed his petition for discharge. Upon the filing of the petition, an order was made that the creditors show cause against the same, on January 23, 1869. On that day, no one appearing for or against the petition, it was continued under the rule of the court until the following Saturday, and so on until March 13, when the attorneys for the petitioning creditors filed a motion, that the bankrupt's application for a final discharge, "be denied upon the ground that the day fixed for the hearing of such application has elapsed, and that the oath required by law thereon, has not been filed." By consent of counsel for the bankrupt and the aforesaid creditors, the motion was set for hearing on March 20, at which time it was argued by counsel.

This subject is regulated by sections 29 and 31 of the act [of 1867 (14 Stat. 531, 532)], and general order 24. Upon the day appointed to show cause, a creditor intending to oppose the application for discharge, must enter his appearance in opposition thereto. His appearance is entered with the clerk as provided in general order 3. Until such appearance is entered, the creditor has no standing in court as to the petition for discharge, and therefore cannot be heard in opposition thereto. Where there is no opposing party, the petition of the bankrupt for final discharge, may be continued from time to time, to suit the convenience of the bankrupt. When an appearance has been entered by any creditor against the discharge, the proceedings upon the petition are no longer under the exclusive control of the bankrupt; but the opposing creditor cannot then move to dismiss the petition, or that its prayer be denied, be-cause the bankrupt is, or supposed to be, dilatory in bringing the matter on for hearing. The remedy of the creditor is to move the court to set down the matter for hearing upon the petition, and his objections thereto, if any, be filed. This motion, therefore, must be denied. The parties making it have no standing in court, as to the petition, although they were the petitioners in the proceeding on which Sutherland was adjudged a bankrupt. Nor is it correct to say, as in this motion, that the day fixed for hearing the bankrupt petition has elapsed. In fact no day has yet been fixed or appointed for the hearing of the application for discharge. True a day has been appointed for the creditors to "show cause why a discharge should not be granted to the bankrupt." Section 29. This day the creditors have allowed to pass by without entering their appearance or filing grounds of opposition to the application for discharge. Under general order 24, the application could not be set down for hearing, except by consent of the creditors, until the day appointed for showing cause had elapsed, because the creditor has the whole of that day to enter his appearance in opposition thereto. If an appearance is entered then the party entering it has ten days thereafter to file his objections to the granting of the discharge. After this time has elapsed, the court may make an order upon the application of either party, setting the petition down for hearing or trial as the case may be.

The second ground of the motion seems to assume that the bankrupt must make and file his final oath as required by section 19, before the day appointed for the hearing of the petition, or even showing cause against it. Indeed, upon the argument, counsel for the motion treated this oath as a quasi pleading, or a part of the allegations against which the creditors are cited to show cause. But this oath is merely an item of indispensable evidence, without which the bankrupt is not entitled to his discharge; and it is sufficient if it be produced and filed on the hearing. This is apparent from the language of the act:—"and before any discharge is granted, the bankrupt shall take and subscribe an oath to the effect that he has not done, etc., anything specified in this act as ground for withholding such discharge, or as invalidating such discharge if granted." Section 29. The motion is denied.